FILED

AUG 20 1999

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.

RICHARD LEE JACOBS
and MEREDITH JACOBS

REDACTED

CRIMINAL NO. 3:99CR 086
18 U.S.C. § 2
18 U.S.C. § 1029(a)(2)
18 U.S.C. § 1341
18 U.S.C. § 1342
18 U.S.C. § 1343

FILED
APR 5 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**INDICTMENT**

The Grand Jury charges that:

**Count One**

From on or about February 1, 1997 to July 31, 1997, in the Northern District of Mississippi and elsewhere, RICHARD LEE JACOBS and MEREDITH JACOBS, defendants, did knowingly and willfully combine and conspire with each other to execute a scheme and artifice to defraud and for obtaining property and money by means of fraudulent devise and pretenses, representations and promises by sending and causing to be sent things by the U.S. mails and by interstate wire communication in violation of 18 USC 1341 and 1343; and to use false names to carry out said scheme and artifice to defraud by means of the U.S. Postal Service in violation of 18 USC 1342; and to use unauthorized access devices during a one-year period with intent to defraud, and by such conduct obtain goods valued in excess of $1,000 in violation of 18 USC 1029(a)(2).

To effect the objects of the conspiracy the conspirators did commit overt acts, among which were the following:

Overt Acts

1. From on or about February 1, 1997 to July 31, 1997, RICHARD LEE JACOBS used

his position as an employee of NationsBank to reopen closed credit card access device accounts and to change the mailing and billing addresses on such accounts to addresses under the control of he and MEREDITH JACOBS.

2. From on or about February 1, 1997 to July 31, 1997, RICHARD LEE JACOBS and MEREDITH JACOBS did use unauthorized credit card access devices and obtained goods and services of a value exceeding $1,000.

3. On or about March 3, 1997, MEREDITH JACOBS opened post office box 2083 at the Oxford, Mississippi Post Office using the name Rebecca Hawkins.

4. On or about June 4, 1997, MEREDITH JACOBS opened a box at Mailboxes, Etc., Oxford, Mississippi, in the name Rebecca Hawkins.

5. On or about July 8, 1997, RICHARD LEE JACOBS contacted NationsBank and attempted to have a credit card access device account transaction for cash at an automatic teller machine (ATM) approved and then faxed an altered Entex utitility receipt to NationsBank in an effort to prove that RICHARD LEE JACOBS was Eric Duff, the name of the unauthorized credit card access device account.

(nm 5 years incarceration, or nm $250,000 fine, or both, and nm 3 years supervised release)

From on or about February 1, 1997 to July 31, 1997, in the Northern District of Mississippi and elsewhere, RICHARD LEE JACOBS and MEREDITH JACOBS, defendants, aided and abetted by each other, did knowingly and with intent to defraud, use unauthorized credit card access devices, that is NationsBank credit cards, being card number 4356 0031 1150 0266 in the name Robert Barefield, card number 4356 3100 0316 2489 in the name Deborah

Baker, card number 4342 0702 4102 9026 in the name Ottis Anderson, card number 4356 5500 0031 5164 in the name Lisa Stout, card number 4356 3100 0595 0030 in the name Gayla P. Spence, and card number 5314 5045 2001 2429 in the name Eric Duff, and First USA credit card number 4417 1229 6433 7472 in the name Gayle P. Spence, and by such conduct obtain goods, cash and services in an amount exceeding $1,000, in violation of Title 18, United States Code, Sections 2 and 1029(a)(2).

(nm 10 years incarceration, or nm $250,000 fine, or both, and nm 3 years supervised release)

### Count Three

From on or about February 1, 1997 to July 31, 1997 RICHARD LEE JACOBS and MEREDITH JACOBS, defendants, aided and abetted by each other, did devise a scheme and artifice to defraud and for obtaining money and property by false and fraudulent pretenses, representations and promises.

### Scheme and Artifice

It was a part of the scheme and artifice that RICHARD LEE JACOBS would use his NationsBank employee authority to reopen closed credit card access device accounts without permission of the account holder and change the addresses on these accounts to addresses controlled by RICHARD LEE JACOBS and MEREDITH JACOBS.

It was a part of the scheme and artifice that MEREDITH JACOBS would open a post office box under the name Rebecca Hawkins and a Mailboxes, Etc., mailbox under the name Rebecca Hawkins and that RICHARD LEE JACOBS and MEREDITH JACOBS would use the boxes as shipping locations for goods and services obtained with unauthorized credit card access device accounts and as billing addresses for the unauthorized credit card access device accounts.

It was a part of the scheme and artifice to defraud that RICHARD LEE JACOBS and MEREDITH JACOBS would use unauthorized credit card access devices to obtain goods and services.

Use of Fictitious Name and Address

On or about March 3, 1997, in the Northern District of Mississippi, MEREDITH JACOBS, defendant, for the purpose of conducting and carrying on the aforedescribed scheme and artifice, did knowingly use and assume a false and fictitious name, that is "Rebecca Hawkins," in violation of Title 18, United States Code, Section 1342.

(nm 5 years incarceration, or nm $250,000 fine, or both, and nm 3 years supervised release)

### Count Four

From on or about February 1, 1997 to July 31, 1997 RICHARD LEE JACOBS and MEREDITH JACOBS, defendants, aided and abetted by each other did devise a scheme and artifice to defraud and for obtaining money and property by false and fraudulent pretenses, representations and promises.

Scheme and Artifice

It was a part of the scheme and artifice that RICHARD LEE JACOBS would use his NationsBank employee access to reopen closed credit card access device accounts without permission of the account holder and change the addresses on these accounts to addresses controlled by he and MEREDITH JACOBS.

It was a part of the scheme and artifice that MEREDITH JACOBS would open a post office box under the name Rebecca Hawkins and a Mailboxes, Etc., mailbox under the name Rebecca Hawkins and that RICHARD LEE JACOBS and MEREDITH JACOBS would use the

boxes as shipping locations for goods and services obtained with unauthorized credit card access device accounts and as billing addresses for the unauthorized credit card access device accounts.

It was a part of the scheme and artifice to defraud that RICHARD LEE JACOBS and MEREDITH JACOBS would use unauthorized credit card access devices to obtain goods and services.

### Use of Interstate Wire Transmission

On or about July 8, 1997, in the Northern District of Mississippi, RICHARD LEE JACOBS, defendant, for the purpose of executing the aforedescribed scheme and artifice, did knowingly transmit and cause to be transmitted a utility receipt by interstate wire facsimile transmission from Oxford, Mississippi to Norfolk, Virginia, in violation of Title 18, United States Code, Section 1343.

(nm 5 years incarceration, or nm $250,000 fine, or both, and nm 3 years supervised release)

**A TRUE BILL**

FOREPERSON

*[signature: Buck Bucha]*
UNITED STATES ATTORNEY

CERTIFYING STAMP
I hereby certify that the foregoing is a true copy of the original thereof now in my office.
Attest: 8-30-99
Adair B. Coyle, Clerk
By: [signature]
Deputy Clerk

## UNITED STATES DISTRICT COURT
### DISTRICT OF COLORADO



FILED
UNITED STATES DISTRICT COURT
DENVER
AUG 15 2000
JAMES R. MANSPEAKER
CLERK

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| | (For Offenses Committed On or After November 1, 1987) |
| v. | CASE NUMBER: 99-CR-420-02-S |
| | Harvey A. Steinberg (Retained) |
| RICHARD LEE JACOBS | (Defendant's Attorney) |
| REDACTED | Robert M. Brown |
| | (Assistant United States Attorney) |

**THE DEFENDANT:** Pleaded guilty to Count Two of the Indictment.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. §§ 1029(a)(2) and 2 | Use of Unauthorized Access Devices, Aid and Abet | 07/31/97 | Two |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts One, Three and Four of the Indictment are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. Number:  4662

Defendant's Date of Birth:  /71

Defendant's USM No.: 29078-013

Defendant's Residence Address:

Denver, Colorado 80231

Defendant's Mailing Address:
Same

_08/03/00_
Date of Imposition of Judgment

_/s/ Daniel B. Sparr_
Signature of Judicial Officer

Daniel B. Sparr, U.S. District Judge
Name & Title of Judicial Officer

I, the undersigned, Clerk of the United States District Court for the District of Colorado, do hereby certify that the foregoing is a true copy of an original document remaining on file and record in my office.
WITNESS my hand and SEAL of said Court this ___ day of Aug. 2000.
JAMES R. MANSPEAKER
By _____ Deputy

August 11th 2000
Date

[STAMP: FILED APR 5 2006 U.S. DISTRICT COURT DISTRICT OF DELAWARE]

## PROBATION

The defendant is hereby placed on probation for a term of 5 years.

The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance.

The drug testing condition required by 18 U.S.C. § 3563(a)(5) is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth below). The defendant shall also comply with the additional conditions on the following page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;
2) the defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

DEFENDANT: RICHARD LEE JACOBS
CASE NUMBER: 99-CR-420-02-S

Judgment-Page 3 of 6

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) the defendant shall provide the probation officer with access to any requested financial information.

### ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall be placed on home detention for a period of 6 months, to commence within 21 days of sentencing. During this time, the defendant shall remain at the defendant's place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at the defendant's place of residence without any special services, modems, answering machines, or cordless telephones for the above period. The defendant shall wear an electronic device and shall observe the rules specified by the Probation Department. The defendant will be required to pay the cost of electronic monitoring as directed by the probation officer.

2) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the installment payment schedule.

DEFENDANT: RICHARD LEE JACOBS
CASE NUMBER: 99-CR-420-02-S

Judgment-Page 4 of 6

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| Two | $100.00 | $0.00 | $35,404.11 |
| Totals: | $100.00 | $0.00 | $35,404.11 |

Restitution amount ordered pursuant to plea agreement: . . . . . . . $35,404.11

## RESTITUTION

The defendant shall make restitution to the following payees in the amounts listed below. If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Bank of America (NationsBank)<br>1825 E. Buckeye Rd.<br>Phoenix, Arizona 85034<br>Attn: Fraud Investigations<br>Mail Code: AZ9-505-03-02 | $32,316.11 | $32,316.11 | 100% |
| Frist USA Bank<br>P.O. Box 15705<br>Wilmington, Delaware 19801<br>Attn: Restitution Payments | $3,088.00 | $3,088.00 | 100% |

The interest requirement is waived.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: RICHARD LEE JACOBS
CASE NUMBER: 99-CR-420-02-S

Judgment-Page 5 of 6

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the fine and other criminal monetary penalties shall be due as follows:

Special assessment in full immediately.

Restitution is due and payable in monthly installment payments of at least $200 during the term of supervision.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special Instructions regarding the payment of criminal monetary penalties:

Joint and Several:

With co-defendant Meredith Lee Jacobs.

Payments are to be made payable to the Clerk, United States District Court, District of Colorado, 1929 Stout Street, Room C-145, Denver, CO 80294 for disbursement. Payments of restitution are to be prorated, based on victims' proportion of loss.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States Attorney.